IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIKEL WILLIAMS,
    Plaintiff,

v.

COYOTE LOGISTICS, LLC,
    Defendant.

Civil Action No.
1:23-cv-02201-SDG

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge John K. Larkins's Report and Recommendation (R&R) [ECF 11] recommending that Defendant Coyote Logistics, LLC's motion to dismiss and compel arbitration [ECF 7] be granted and that this case be dismissed. Plaintiff filed an objection to only the R&R's recommendation that this case be dismissed instead of stayed [ECF 13]. For the reasons stated below, Plaintiff's objection is **SUSTAINED**. Defendant's motion to dismiss and compel arbitration [ECF 7] is **GRANTED in part** and **DENIED in part**. The parties are **DIRECTED** to arbitrate Plaintiff's claims while the instant case is stayed.

**I.  Legal Standard**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1

1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent an objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b).

Here, Judge Larkins recommends that the parties be compelled to arbitrate, and that this case be dismissed. No party objected to the recommendation that the parties must proceed in arbitration. Undersigned reviewed the record and found no clear error in Judge Larkins's reasoning, and thus adopts the recommendation that the parties arbitrate their claims.

Plaintiff did object to Judge Larkins's recommendation that this case be dismissed, instead arguing that it should be stayed pending completion of arbitration. Defendant replied, arguing that dismissal is appropriate in this case because all claims are subject to arbitration. The Court agrees with Plaintiff that a stay is appropriate and thus declines to dismiss this action.

The Federal Arbitration Act (FAA) proscribes that federal courts stay actions when the matter is referred to arbitration and a party asks for such a stay:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . .

9 U.S.C. § 3. Notwithstanding the plain language of the FAA, there is a split of authority as to whether courts should dismiss or stay a case where claims are subject to arbitration. *See Valiente v. Holiday CVS, LLC*, No. 20-CV-20382, 2020 WL 2404701, at *1 (S.D. Fla. May 12, 2020) (collecting cases and discussing the split within district courts). Even the Eleventh Circuit has upheld both dismissals and stays pending arbitration. *Compare Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (vacating a district court's dismissal of claims subject to arbitration and remanding with instructions to stay) *with Samadi v. MBNA Am. Bank, N.A.*, 178 F. App'x 863, 866 (11th Cir. 2006) (affirming a district court order compelling arbitration and dismissing the underlying claims). Given this state of the law, there was certainly no error in the R&R's recommendation that the Court dismiss the case.

However, the language of § 3 is clear and mandatory: When a party makes an application for the federal action to be stayed pending arbitration, the FAA requires the Court to enter a stay. Plaintiff's objection serves as such an application

3

here. Until the Supreme Court or Eleventh Circuit resolves this precise issue,[1] the Court concludes that the proper course based on the statute's language is to stay this case. *See Russell v. Five Star Quality Care, LLC*, No. 1:22-CV-03452-JPB, 2023 WL 3646060, at *2 (N.D. Ga. May 25, 2023) ("[T]he Court is more comfortable staying this action given the plain language of the FAA . . . . Here, Plaintiff has requested a stay, and the Court has determined that the claims are referable to arbitration.").

Accordingly, Plaintiff's objection to the R&R [ECF 11] is **SUSTAINED**. Undersigned **ADOPTS** the portions of the R&R to which the parties did not object, but **DECLINES** its recommendation of dismissal of this action. Defendant's motion to dismiss and compel arbitration [ECF 7] is **GRANTED in part and DENIED in part**. The parties are **ORDERED** to arbitrate in accordance with their agreement. The parties are further **ORDERED** to file with this Court every 180 days a joint status report concerning the status of the arbitration proceeding. The parties must notify the Court, within seven days, if their dispute resolves through arbitration, settlement, or otherwise.

---

[1] The Supreme Court granted certiorari in *Smith v. Spizzirri*, Case No. 22-1218 (S. Ct. Jan. 12, 2024), to address the question: " Whether Section 3 of the FAA requires district courts to stay a lawsuit pending arbitration, or whether district courts have discretion to dismiss when all claims are subject to arbitration."

5

The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case. This closure is not a dismissal and does not preclude the filing of documents. The case may be re-opened if necessary. If the parties fail to file a joint status report at least every 180 days as instructed, however, the case will be dismissed with prejudice at that time.

**SO ORDERED** this 31st day of March, 2024.

                                            Steven D. Grimberg
                                       United States District Judge